77 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
COMMITTEE TO PREVENT MUNICIPAL BANKRUPTCY; Robert
Silvestri; Alexa Smith, Plaintiffs-Appellants,
v.
Louise RENNE, San Francisco City Attorney; Germaine Wong,
San Francisco Registrar of Voters; City and
County of San Francisco, Defendants-Appellees.
 No. 94-15295.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1995.
Decided Feb. 6, 1996.
 
 1
 Before: WALLACE and THOMPSON, Circuit Judges, and THOMPSON, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 The Committee to Prevent Municipal Bankruptcy, an unincorporated association formed to promote political ideas, and one of its members, Robert Silvestri, (collectively, Committee), brought suit against the San Francisco City Attorney, the San Francisco Registrar of Voters, and the City and County of San Francisco (collectively, San Francisco).[1] The Committee challenged the constitutionality of San Francisco Administrative Code Section 16.501, et seq., a municipal ordinance limiting campaign contributions to candidates and political committees that support or oppose candidates for city office (Ordinance). The district court granted summary judgment in favor of San Francisco on the grounds that the Committee lacked standing and the dispute was not ripe for judicial review.
 
 
 4
 We have jurisdiction under 28 U.S.C. § 1291. We hold the Committee lacked standing, and affirm the district court's summary judgment on that ground. We do not reach the question of ripeness.
 
 
 5
 The Committee filed its original complaint in this action on September 8, 1992. In that complaint, the Committee did not allege it had violated the Ordinance but rather asserted it intended to solicit contributions in support of candidates in excess of the Ordinance's contribution limits. As of that date, the Committee had never solicited nor made contributions to support or oppose candidates for local office. Indeed, in official filings with the State of California, the Committee identified its primary purpose to be supporting or opposing ballot measures, not candidates.
 
 
 6
 The facts alleged in the original complaint were insufficient to establish the Committee's standing. A party claiming federal jurisdiction must show it "personally has suffered some actual or threatened injury." Diamond v. Charles, 476 U.S. 54, 62 (1986) (internal quotations omitted). The injury must be "actual or imminent, not 'conjectural' or 'hypothetical.' " Whitmore v. Arkansas, 495 U.S. 149, 155 (1990) (quoting Los Angeles v. Lyons, 461 U.S. 95, 102 (1983)). A declaration of a vague intent to engage in conduct that would eventually give rise to standing is not enough to create an "actual or imminent" injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 (1992) (internal quotations omitted).
 
 
 7
 In recognition of its standing problem, the Committee lodged with the district court a proposed supplemental complaint which it sought to file. In this supplemental complaint, the Committee alleged new facts to support standing. The Committee alleged that, after the filing of the original complaint, it had formally decided to support candidates for local office in the November 1992 elections. The Committee also alleged that, after the filing of the original complaint, it had actually violated the ordinance by soliciting contributions for candidates from donors who had already contributed the maximum amount allowed under the Ordinance.
 
 
 8
 Although the district court considered the supplemental complaint's allegations pertaining to standing, we decline to do so. "The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989).
 
 
 9
 Parties may be allowed to supplement pleadings to cure standing defects, Warth v. Seldin, 422 U.S. 490, 501 (1975); Fed.R.Civ.Proc. 15(d). Here, however, the Committee attempted to manufacture standing where it did not exist. Rather than curing defects in its original pleading, the Committee's supplemental complaint alleged wholly new facts to create a basis for standing. The Committee sought by this tactic to "retroactively creat[e] jurisdiction based on postcomplaint litigation conduct." Didrickson v. U.S. Dept. of Interior, 982 F.2d 1332, 1339 (9th Cir.1992). This it may not do.
 
 
 10
 The district court's summary judgment in favor of the defendants-appellees, collectively referred to in this disposition as "San Francisco," is AFFIRMED.
 
 
 
 *
 The Honorable Gordon Thompson, Jr., Senior District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 It is not clear why "Alexa Smith" appears as a party plaintiff-appellant in this court. She was not named in the original or proposed supplemental complaint. Her name seems to appear for the first time as a party plaintiff-appellant in the notice of appeal filed in the district court February 10, 1994, and she signed that notice of appeal "in pro per."